## COMMONWEALTH *vs.* WILLIAM WEIHER.

Although the proceedings in laying out a town way by selectmen, and the acceptance thereof by the town, may be avoided by the owner of the land over which the way passes, on the ground that he had no notice of the selectmen's proceedings ; yet they cannot be avoided, on that ground, by a subsequent occupant of the land, who does not claim title under such owner : Hence such occupant cannot, on that ground, successfully defend an indictment against him for levying a nuisance within the limits of such way.

The mere fact that part of a town way, which is laid out by the side of navigable water, is below high-water mark, is no defence to an indictment for levying a nuisance in that part of the way which is above high-water mark.

THIS was an indictment for a nuisance in erecting and maintaining a fence and a part of a dwellinghouse upon a town way in Salem, called Peabody Street.

It appeared at the trial in the court of common pleas, before *Warren*, J. that the way described was laid out by the selectmen of Salem, and accepted by the town, in May 1820, and that the land upon which the alleged nuisance is erected was then the property of one Ward. The defendant offered no evidence of title under said Ward.

It did not appear, by the return of the proceedings of the selectmen, that the said Ward had any notice of those proceedings; and the defendant contended that, for this reason, they were altogether void. The judge overruled this objection.

It appeared that the way runs east and west, and was laid out 41 feet wide; that the erections, mentioned in the indictment, are on the south side of the way; and that at the time of the laying out, the north line of the way was below high-water mark. The defendant contended, that as a part of the way was thus laid out between high and low water mark, the whole proceeding was irregular and void, although the erections complained of were above high-water mark. But the judge ruled otherwise, and a verdict was returned against the defendant.

To each of the rulings aforesaid the defendant alleged exceptions.

*Ward & F. A. Fabens*, for the defendant, in support of the first exception, cited *Stone* v. *City of Boston*, 2 Met. 220. *Copeland* v. *Packard*, 16 Pick. 217. *Harlow* v. *Pike*, 3 Greenl. 438. *Robbins* v. *Bridgewater*, 6 N. Hamp. 524 : And *Kean* v. *Stetson*, 5 Pick. 492, in support of the second exception.

*Austin*, (Attorney General,) for the Commonwealth.

WILDE, J. This case comes before us on exceptions to the rulings of the presiding judge of the court of common pleas, at the trial. The defendant was indicted in that court for erecting and maintaining a fence and a part of a dwellinghouse upon a town way or street in Salem, which was laid out and opened nearly twenty years before the erection of the alleged nuisance; and the general question at the trial was, whether the way or street had been legally laid out; and if not, whether the proceedings of the selectmen and town of Salem, in laying out the same, were void or voidable.

The first objection made to the regularity of the proceedings of the selectmen and town is, that the land upon which the alleged nuisance was erected, was, at the time the way was laid out over it, the property of one Ward; and that it did not appear, by the return of the selectmen of their proceedings, that

the said Ward had any notice of the intended location of the said way. And the defendant's counsel contend that this defect renders the whole proceedings null and void.

On the other hand, the Attorney General maintains the validity of the proceedings ; insisting that as the law was, when this town way was laid out and established, no notice to the owners of the land over which the road was laid was required. And he also contends, that if notice were required, the omission to give it did not render the proceedings void, but voidable only, and that the defendant had no right to avoid them.

It is true that *St.* 1786, c. 67, under which this way was laid out, does not expressly require the notice in question. But we think, by the constitution, and by the fundamental principles of law, no person can be deprived of his property, without such notice as to allow him an opportunity to be heard in defence of his rights.

By *St.* 1783, c. 38, judges of probate were authorized to appoint guardians to insane persons, and no notice was expressly required, by the statute, to the person alleged to be insane, of the application for the appointment of a guardian. Yet the court held in *Chase* v. *Hathaway*, 14 Mass. 222, that notwith standing the silence of the statute, notice was required by the fundamental principles of justice, which give to every citizen, in a free government, the right to be heard in support of his liberty and property.

We hold, therefore, that Ward was entitled to notice of the intention of the selectmen of Salem to lay out said way. Whether such notice might be presumed, considering the long period of time, during which the way has been occupied without objection, is a question which we do not think it necessary to consider ; for, admitting that Ward had no notice, and that the proceedings of the selectmen are void as to him, and to those claiming title under him, we are of opinion that a stranger, as the defendant is, who has derived no title from Ward, cannot take advantage of this defect. We hold that the proceedings of the selectmen and town were void only in respect to Ward ; or, in other words, that they were voidable only, and not to all intents null and void.

The distinction between void and voidable acts seems to be this : That every act *malum in se*, or which is against public policy, is to be held void in the strictest sense — a mere nullity ; but if an act is prejudicial only to an individual, then it is to be considered as voidable only by such individual.

In the case of *Green* v. *Kemp*, 13 Mass. 518, it was decided that a mortgage on a usurious consideration was void only as against the mortgagor, and those who may lawfully hold the estate under him, and could not be avoided by plea or proof of usury by a stranger ; although all mortgages on usurious considerations were declared to be utterly void, by *St.* 1783, *c.* 55. The law, as there laid down, has been frequently recognized, and is well established. It is founded, we think, on a just and reasonable distinction between void and voidable acts, and fully sustains the opinion we have formed on the question under consideration.

The only remaining objection that has been made to the validity of the proceedings of the selectmen and town is, that a part of the way was, when laid out, below high-water mark, and for that cause the whole proceedings were irregular and void ; so that the defendant was justified, although the erections complained of were above high-water mark.

It does not appear that the way has caused any obstruction to the convenient use of the navigable waters ; and it is contended by the Attorney General, that if so, the location is in no respect illegal. We do not, however, consider it necessary to discuss this question, as we are of opinion that the other answer, made by the Attorney General to the objection, is satisfactory and conclusive. For admitting that the selectmen had no right to lay out the way below high-water mark, we think that this does not vitiate the whole proceedings, but only so far as the selectmen exceeded their jurisdiction. It is true, that if the proceedings were before us on *certiorari*, we could not, by the rules of law, quash them in part and affirm them in part. But there is no such rule where a party attempts, by plea or proof, to avoid proceedings which are partly void and partly valid.

The execution of a power may be good in part and bad in

part ; and in such a case, the excess only, in the execution of the power, will be void. And we know of no reason why the same rule of law should not apply to the execution of a power or authority given by law. 4 Kent Com. (3d ed.) 346. *Adams* v. *Adams*, Cowp. 651.

It does not appear what part of the way was below high-water mark ; and, for aught we know, it may be so inconsiderable as not materially to interfere with the convenient use of the way. If the defendant could make it appear that so large a part of the way was below high-water mark, as to render the part above wholly useless as a way, there might be some ground for the objection. But as this does not appear, and was not suggested at the argument, we think it clear that by no principle of law can the objection be sustained.

*Exceptions overruled*